UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARL WILLIAMS, et al.,

    Plaintiffs,

vs.

STATE OF MICHIGAN
COURT OF APPEALS, et al.,

    Defendants.
_____/

Civil Action No.
09-CV-13821

HON. BERNARD A. FRIEDMAN

## **ORDER OF DISMISSAL**

This matter is presently before the court on the court's own review of the complaint. For the reasons stated below, the court shall dismiss the complaint *sua sponte* for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).

Plaintiffs have brought this action against three Michigan Court of Appeals judges who issued an order on December 7, 2005, sanctioning each plaintiff in the amount of $500, pursuant to MCR 7.216(C)(1)(b),[1] "for filing a motion grossly lacking in requirements of propriety."

---

[1] MCR 7.216(C) states:

**Vexatious Proceedings.**

(1) The Court of Appeals may . . . assess actual and punitive damages or take other disciplinary action when it determines that an appeal or any of the proceedings in an appeal was vexatious because

\*   \*   \*

(b) a pleading, motion, argument, brief, document, or record filed in the case . . . was grossly lacking in the requirements of propriety, violated court rules, or grossly disregarded the requirements of a fair presentation of the issues to the court.

In a subsequent order, that panel explained that these costs

> were assessed on the basis of the December 5, 2005, "Motion and Incorporated Brief to Stay and Correction of Error, filed by Carl Williams, Hassan Aleem, and Percy Harris, Jr. Examples in the document of language that was grossly lacking in the requirements of propriety because it was unnecessarily graphic and offensive to the Court are located on page 10 at paragraph 2; on pages 12-13 at paragraph "b)"; on page 14 at paragraphs "d)" & "e)"; and on page 24 at paragraph "b)."

The panel further ordered that plaintiffs were "barred from making any filings in any civil appeals or original actions in this Court" until the sanctions were paid. When plaintiffs attempted to file an appeal in an unrelated matter in September 2009, the Michigan Court of Appeals Assistant Clerk notified them that if the sanctions were not paid within 21 days, his office would recommend to the Court of Appeals that their appeal be dismissed in accordance with the earlier order. In addition to the three judges, plaintiffs are suing the assistant clerk. Characterizing the sanctions as an unlawful "ransom fine," plaintiffs assert that defendants are violating several of their rights under the United States and Michigan constitutions.

The court has no jurisdiction to review the above-referenced orders of the Michigan Court of Appeals. As the United States Court of Appeals for the Sixth Circuit has explained:

> In *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), the Supreme Court held that federal court review of state court proceedings is jurisdictionally limited to the Supreme Court of the United States by 28 U.S.C. § 1257. *See also Patmon v. Michigan Sup. Ct.*, 224 F.3d 504, 506 (6th Cir.2000). We refer to this doctrine as the *Rooker-Feldman* doctrine. *See also Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). The *Feldman* Court stated that "United States District Courts . . . do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional. Review of those decisions may only be had in this Court." *Feldman*, 460 U.S. at 486, 103 S.Ct.

> 1303; *see also Anderson v. Charter Township of Ypsilanti*, 266 F.3d 487, 492 (6th Cir.2001). In a more recent decision, the Supreme Court restated the doctrine as follows: "under [the doctrine] a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06, 114 S.Ct. 2647, 129 L.Ed.2d 775 (1994).

*Tropf v. Fidelity Nat. Title Ins. Co.*, 289 F.3d 929, 936-37 (6th Cir. 2002) (footnote omitted).  The present case is clearly barred by the *Rooker-Feldman* doctrine, as plaintiffs request that this court "dismiss" the Court of Appeals' order and restrain that court from enforcing its sanctions order.  The court simply has no jurisdiction to hear a case such as this.  The court is also barred from hearing the case by the *Younger* abstention doctrine.  *See Danner v. Bd. of Prof'l Responsibility*, 277 Fed.Appx. 575 (6th Cir. 2008); *Fieger v. Thomas*, 74 F.3d 740 (6th Cir. 1996).

Plaintiffs also ask, pursuant to 28 U.S.C. §§ 144 and 455, that this court disqualify itself.  This motion is denied as frivolous, as it is based on plaintiffs' dissatisfaction with the court's ruling in an unrelated matter years ago, not on anything even remotely related to this instant case.  Accordingly,

IT IS ORDERED that the complaint is dismissed for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that plaintiffs' motion for a preliminary injunction [docket entry 2] is denied.

IT IS FURTHER ORDERED that plaintiffs' motion for disqualification [docket entry

3

4] is denied.

       IT IS FURTHER ORDERED that plaintiffs' motion for reconsideration [docket entry 5] is denied.

       S/Bernard A. Friedman_____
       BERNARD A. FRIEDMAN
       SENIOR UNITED STATES DISTRICT JUDGE

Dated: October 8, 2009
      Detroit, Michigan

I hereby certify that a copy of the foregoing document
was served upon counsel of record and by electronic and/or first-class mail.

**Carl Williams**
10112 Somerset
Detroit, MI 48224

and

**Hassan Aleem**
2440 Taylor
Detroit, MI 48253

by electronic and/or first-class mail.

S/Carol Mullins
Case Manager to Judge Friedman